LESLIE H. SOUTHWICK, Circuit Judge,
concurring:
I concur with the result reached by my able colleagues in the majority. I would reach that result by a slightly different route, though.
The majority concludes that the district court erred in reopening discovery and allowing for the issue of class certification to be considered again on remand. I disagree. In my view, the district court reasonably interpreted our decision on the initial appeal to have left the certification question open.
The penultimate two paragraphs of this court’s opinion that resolved the first appeal provided guidance to the district court on remand.
Thus, the determinative question of whether consent can be established via class-wide proof must, given the particular facts of this case, be answered in the negative. Gene has failed to advance a viable theory of generalized proof to identify those persons, if any, to whom BioPay may be liable under the TCPA
We emphasize again, however, that we do not hold as a matter of law that the consent requirement in the case before us defeats the possibility of class certification. We merely hold that Gene has failed to advance any viable theory employing generalized proof concerning the lack of consent with respect to the class involved in this case; that this leads to the conclusion that myriad mini-trials cannot be avoided; and that, given these conclusions and those we have reached above, the district court abused its discretion in certifying the class.
Gene & Gene LLC v. BioPay LLC, 541 F.3d 318, 329 (5th Cir.2008). We then “reverse[d] the district court’s certification of the class and remandfed] this case for further proceedings not inconsistent with this opinion.” Id.
The majority in today’s opinion give cogent and even compelling reasons to conclude that one appeal, one decision, were all that the class certification question should have been given. Regardless, the panel that ruled on the initial appeal set the law for this particular ease. My interpretation of the two paragraphs I have quoted from that opinion is that they left the issue open for further consideration. I will summarize my reading of them.
I agree that the earlier of the two paragraphs did not suggest the door was ajar on remand on the certification question. It was the next paragraph on which the district court could reasonably conclude that the question as first posed was an *706 swered negatively by this court, but a rephrased question with new evidence might deserve a different answer. We did “not hold as a matter of law that the consent requirement in the case before us defeat[ed] the possibility of class certification.” Id. We instead held that “Gene has failed to advance any viable theory” to support generalized proof. Id.
It makes sense to me that the district court would read this language as allowing something further to be done regarding class certification. That reading would come from our emphasizing that we were making a factual determination — and did not hold as a matter of law — that the propriety of class certification was not shown.
What was clearly stated is that our opinion should not be read as foreclosing the possibility of certification. Perhaps that was meant as a caveat applicable to the next case with similar issues. On the other hand, the opinion stated that the requirement of consent “in the case before us,” not in cases like this, did not defeat the possibility of a class action.
I will not explain the point further. Written in the way it was, I find no error when the district court proceeded as it did on remand.
Even though I conclude that the district court did not err in allowing further discovery and again considering the issue of class certification, I agree with the majority that nothing in the allegedly new evidence allows certification. The majority’s analysis in the penultimate two paragraphs of today’s opinion expresses my views on that point, and thus I concur.